UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. GOFF, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-1190-SHM-tmp |
| | ) | |
| JUDGE ROY B. MORGAN, JR., BRADLEY | ) | |
| CHAMPINE, and JEREMY B. EPPERSON, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER VACATING ORDER THAT GRANTED LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 8);
DISMISSING COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(g);
AND DENYING ALL PENDING MOTIONS (ECF NOS. 6, 7, 11, 12 & 13)**

On September 8, 2022, Gregory A. Goff, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), filed a *pro se* civil complaint. (ECF No. 1.) On September 21, 2022, Goff filed a motion to prosecute (ECF No. 6) and a motion for summons (ECF No. 7). On September 23, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 8 (the "IFP Order").) On November 30, 2022, Goff filed a motion to amend the complaint. (ECF No. 11.) On March 15, 2023, Goff filed a motion to set aside jury verdict. (ECF No. 12.) On May 24, 2023, Goff filed a motion to settle the case. (ECF No. 13.)

When Goff filed the complaint (ECF No. 1), he was confined at the Whiteville Correctional Facility (the "WCF"), in Whiteville, Tennessee. (*Id*. at PageID 2.) Goff remains confined at the WCF. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed June 2, 2023).)

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* § 1915(b)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs"), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998). To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

Goff has filed three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous. *See Goff v. Pickens*, Case No. 19-1093-JDT-cgc, ECF No. 9 at PageID 35 (W.D. Tenn. Oct. 3, 2019) and ECF No. 12 at PageID 37 (W.D. Tenn. Nov. 7, 2019) (dismissing complaint under § 1983 for failure to state a claim to relief, and recommending that the dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g)); *Goff v. Madison County,*

*Tennessee*, Case No. 19-1294-JDT-cgc, ECF No. 8 at PageID 27 (W.D. Tenn. Jan. 16, 2020) (same); and *Goff v. Mehr*, Case No. 21-1122-SHM-tmp, ECF No. 11 at PageID 56 (W.D. Tenn. Mar. 3, 2023) (same).  The Order recommending Goff's third-strike, in Case No. 21-1122, was entered after the IFP Order.  The IFP Order (ECF No. 8) is VACATED, given Goff's three-strike filer status.

Goff may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury.  The assessment of whether a prisoner is in imminent danger is made at the time the complaint is filed.  *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Goff's complaint alleges that Assistant District Attorney Champine "committed the crime of tampering with governmental records that he introduced as evidence during [Goff's] [criminal] trial."  (ECF No. 1 at PageID 6.)  Goff alleges that Judge Roy B. Morgan, Jr. "participated in the crime by allowing the tampered governmental records into evidence", and that public defender Epperson "also participated in the crime."  (*Id*.)  Goff further alleges that Champine "gang enhanced my sentence."  (*Id*. at PageID 7.)  Goff alleges claims of "cruel and unusual punishment, racial profiling, discrimination, harassment, malicious prosecution, mental abuse, and stress."  (*Id*. at PageID 10.)  Goff sues: (1) Champine; (2) Epperson; and (3) Judge Morgan.  (*Id*. at PageID 1.)  Goff seeks: (1) compensatory damages; (2) punitive damages; (3) attorney's fees; (4) costs of suit; (5) the arrests of Champine, Epperson, and Judge Morgan; and (6) Goff's release from confinement.  (*Id*. at PageID 10.)

The complaint does not allege that Goff is in imminent danger of serious physical injury as a result of the Defendants' actions alleged in the complaint.  The complaint does not come within the exception to 28 U.S.C. § 1915(g).  Goff's motion to amend the complaint (ECF No. 11)

does not alter this conclusion.  Goff's motion to amend seeks to "show continued violation of [Goff's] constitutional rights [by] deni[al] [of] the right to obtain records pertaining to [Goff's] [criminal] case."  (*Id*. at PageID 57.)  The motion to amend alleges no facts demonstrating that Goff was in imminent danger of serious physical injury when he filed the complaint.

Goff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.  The Court will re-open this case on a motion that (1) shall be filed by Goff WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FULL $402 CIVIL FILING FEE.  The Court warns Goff that if he fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice.  All pending motions (ECF Nos. 6, 7, 11, 12 & 13) are DENIED WITHOUT PREJUDICE, subject to Goff's right to re-file one or more of the pending motions if the case proceeds.

IT IS SO ORDERED, this 6th day of June, 2023.

                                          /s/ *Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE